UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-10981-RWZ

DARREL ALLEN, *et. al.*
[ALBERT JACKSON]

v.

RICHARD J. ROUSE, *et al.*
[CHRISTOPHER McCRAY]

ORDER ON PLAINTIFF'S POST-TRIAL MOTION

July 17, 2009

ZOBEL, D.J.

Plaintiff, Albert Jackson ("Jackson"), alleged that defendant Christopher McCray ("McCray"), a correctional officer at the Suffolk County House of Correction, beat him while he was a prisoner at the facility in 1997.  On February 19, 2009, a jury found that McCray did assault Jackson and cause him injury, but that the assault did not violate Jackson's rights under the Eighth Amendment.  The jury awarded zero dollars in damages.  (See Jury Verdict (Docket # 340).)  Plaintiff now moves for additur on the Assault and Battery count and for a new trial on the basis that the evidence shows, as a matter of law, that his constitutional rights were violated.  (Docket # 346.)

Jackson's request for additur is denied.  A federal court does not have the power to increase the amount of damages in lieu of ordering a new trial.  See, e.g., Dimick v. Schiedt, 293 U.S. 474, 482 (1935); Campos-Orrego v. Rivera, 175 F.3d 89, 97 (1st Cir. 1999) ("[T]he Seventh Amendment flatly prohibits federal courts from augmenting jury

verdicts by additur.") (citing <u>Dimick</u>, 293 U.S. at 486-87).

Plaintiff's motion for a new trial under Fed. R. Civ. P. Rule 59(a) is also denied.
A district court should grant a motion for a new trial "only if the verdict is against the
demonstrable weight of the credible evidence or results in a blatant miscarriage of
justice." <u>Foisy v. Royal Maccabees Life Ins. Co.</u>, 356 F.3d 141, 146 (1st Cir. 2004)
(quoting <u>Sanchez v. Puerto Rico Oil Co.</u>, 37 F.3d 712, 717 (1st Cir.1994)).  Plaintiff
argues that because he suffered injury while facing the wall, handcuffed and on his
knees, the facts "in and of themselves rise to the level of sadistic and outrageous
conduct required [to violate] the Eighth Amendment" and thus entitle him to a new trial.
(Docket # 340, 4.)  This alone, however, is insufficient for a required finding of liability.
<u>See</u> <u>Calabria v. Dubois</u>, No. 93-1742, 1994 WL 209938, at *2  (1st Cir. May 24, 1994)
(unpublished) (citing with approval <u>Olson v. Coleman</u>, 804 F. Supp. 148, 150 (D. Kan.
1992), <u>aff'd</u>, 1993 U.S. App. Lexis 10086 (10th Cir. 1993) (single blow to head while
handcuffed did not constitute Eighth Amendment violation)).

In addition, at trial the parties presented diametrically opposite versions of the
events, particularly with respect to how plaintiff's injuries occurred, whether plaintiff
struck defendant first, whether the assault was necessary to control plaintiff and the
extent of his injuries.  The jury heard conflicting testimony from the defendant and
plaintiff; and medical personnel who examined plaintiff after the incident disputed the
seriousness of his injuries.  Thus, there was an adequate basis for the jury to conclude
that, although an inappropriate touching did occur, plaintiff's description of his injuries
was exaggerated and did not require an award of damages.  <u>See</u> <u>Nelson v. Town of</u>

2

Glenville, 633 N.Y.S.2d 222, 224 (N.Y. App. Div. 1995) (finding a jury's award of no damages was not improper where "the jury heard contradictory testimony concerning damages, including the testimony of witnesses that [plaintiff] did not complain or appear injured, and [] there was a complete lack of medical testimony as to any injury").  In addition, given the jury's implicit finding that plaintiff's injuries were de minimis, it was not unreasonable for it to conclude that the touching did not rise to a constitutional violation.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (noting that not "every malevolent touch by a prison guard gives rise to a federal cause of action").

Accordingly, plaintiff's motion (Docket # 346) is DENIED.

There being no just reason for delay, judgment may be entered for defendant pursuant to Rule 54(b).


_____July 17, 2009_____                    _____/s/Rya  W. Zobel_____
              DATE                                              RYA W. ZOBEL
                                                    UNITED STATES DISTRICT JUDGE