# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DARREL ALLEN, et al.
        *Plaintiffs*


*v.*


RICHARD J. ROUSE, et al.
        *Defendants*

DONNELL THOMPSON,
        *Plaintiff*


*v.*


CORRECTIONAL OFFICER
WILLIAM TORRES,
        *Non-supervisory Defendant*

**DOCKET NO.**
# 00-10981-RWZ


# COUNT 49

## MEMORANDUM IN SUPPORT OF DEFENDANT TORRES' MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

### I.    INTRODUCTION

Plaintiff Donnell Thompson filed suit against Defendant William Torres asserting civil rights violations.  After trial, the jury returned a verdict in favor of the Plaintiff and awarded $875,001.00 in compensatory damages and $50,000.00 in punitive damages.  Defendant Torres filed a Motion For New Trial and Remittitur.  The Court granted Defendant's motion to the extent it remitted compensatory damages to $125,000.00  (Docket Entry No. 390).

Plaintiff filed a Motion for Award of Attorneys' Fees seeking $70,000.00 in fees. Plaintiff's Counsel did not file any documentation in support of this motion for fees.

Defendant Torres requests that this Court deny Plaintiff's Motion For Attorneys' Fees as the only basis for the issuance of attorneys' fees is a contingent fee agreement between Plaintiff

and his counsel.   Plaintiff's motion falls well short of his burden in establishing his entitlement

to an award for attorneys' fees.

**III.     ARGUMENT**

Pursuant to 42 U.S.C. §1988(b), "the court in its discretion may allow the prevailing

party … a reasonable attorney's fee as part of the costs."   Fees should be awarded to a prevailing

party under §1988 absent unusual circumstances.   Williams v. Hanover Housing Auth., 113 F.3d

1294, 1300 (1st Cir. 1997).   The First Circuit employs the lodestar method to determine the

reasonableness of an attorney's fee award.   Bogan v. City of Boston, 432 F.Supp.2d 222, 229 (D.

Mass. 2006).   The lodestar method calculates an appropriate attorney's fee award based upon the

reasonable number of hours expended on litigation multiplied by a reasonable hourly rate.   Id.   In

applying this method, the court calculates the time counsel spent on the case, subtracts

duplicative, unproductive or excessive hours, and then applies the prevailing rates in the

community while considering counsel's qualifications, experience and specialty in the area.   Gay

Officers Action League v. Puerto Rico, 247 F.3d. 288, 295 (1st Cir. 2003). Once the lodestar

figure has been determined, it represents a presumptively reasonable fee, which may be adjusted

based on factors present in the particular case.   Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Plaintiff, as the fee applicant, "bears the burden of establishing entitlement to an award

and documenting the appropriate hours expended and hourly rates."   Bandera v. City of Quincy,

202 F.Supp.2d 26, 49 (D. Mass. 2002) citing Hensley, 461 U.S. at 437.   Accordingly, the

Plaintiff must submit contemporaneous billing records detailing the time and nature of his tasks

during litigation.   Further, the Plaintiff must provide "affidavits that establish [his] … skills and

experience while also providing information regarding the prevailing market rate in Boston for

similarly situated lawyers. <u>Bogan</u>, 423 F.Supp.2d at 229; <u>Blum v. Stenson</u>, 465 U.S. 886, 895-96, 104 S.Ct. 1541 (1984).   Plaintiff completely fails to meet his burden.

### A.  <u>A Contingent Fee Between Plaintiff and His Counsel Does Not Entitle Plaintiff To An Award For Attorneys' Fees Under 42 USC §1988(b).</u>

In this instance, Counsel's request for attorney fees is based solely on an unverified assertion of a contingent fee agreement.  Even if true, these grounds do not allow for the award for attorneys' fees.  Plaintiff contends that per the contingent fee agreement, Counsel is to be paid forty percent of the total recovery in this case, which according to the Plaintiff is $70,000.00 at this time.[1]   By definition, a contingent fee agreement allows for fees stemming from a favorable financial outcome to a contracted party.  However, a financial arrangement between Counsel and the Plaintiff does not trigger an award for attorney fees under 42 U.S.C. §1988 (b). Indeed, a fee agreement is a contractual obligation between Counsel and his client from which Counsel may seek to hold the Plaintiff liable. As Plaintiff submits a contingent fee agreement as the sole grounds for an attorneys' fee award, this Court should deny Plaintiff's motion.

### B.  <u>Alternatively, Plaintiff's Motion Should Be Denied Since He Fails To Meet His Burden In Producing Affidavits To Support His Request For Fees.</u>

Alternatively, this Court should deny Plaintiff's Counsel's motion since he fails to meet his burden by not providing (a) detailed contemporaneous litigation records; (b) proof of skill and experience; and (c) proof of the prevailing rate in the community for attorneys of similar qualifications.  <u>See</u> <u>Parker v. Town of Swansea</u>, 310 F.Supp.2d 376, 388 (2004) <u>citing</u> <u>Blum v. Stenson</u>, 365 U.S. 886, 895 (1984).  The First Circuit mandates that the prevailing party must submit "detailed contemporaneous time records" to substantiate a claim for fees.  <u>Grendel's Den's Inc. v. Larkin</u>, 749 F.2d 945,952 (1st Cir. 1984); <u>see</u> <u>Gay Officers Action League</u>, 247

---

[1] Notably Plaintiff appealed this Court's ruling on Defendant's Motion For New Trial and Remittitur, and thus reserves the right to seek additional attorney fees related to said appeal.  (<u>Plaintiff's Motion for Attorneys' Fees</u>).

F.3d at 296-97 ("an attorney's contemporaneous billing records constitute the usual starting point" in determining fees). In this instance, Plaintiff submitted no contemporaneous detailed time records. There exists no basis for the Court to determine the hours counsel spent on litigation, on the tasks completed or the nature of the work. Thus, the Court is prevented from (a) examining the accuracy and/or legitimacy of litigation time, (b) evaluating the tasks completed, and (c) reducing duplicative, unproductive or excessive charges. Plaintiff provides no grounds for the Court to even to commence a lodestar calculation.

Likewise, Plaintiff fails to provide the Court with necessary evidence of Counsel's legal skill in civil rights litigation or evidence of the prevailing community rate. As the fee applicant, it is Plaintiff's burden to provide the Court with affidavits and other evidence that establish Counsel's skill and experience and the prevailing market rate in the community. McDonough v. City of Quincy, 353 F.Supp.2d 179 (D. Mass. 2005); Blum v. Stenson, 465 U.S. 886, 895-96, 104 S.Ct. 1541 (1984). Again Plaintiff's submission falls short. Plaintiff's Counsel offers no submission, much less affidavits, to demonstrate his skill level or expertise in the area of civil rights litigation. Similarly lacking is any offer of proof of the prevailing market rate of attorneys of similar skill level.

The First Circuit has recognized that in the most egregious of cases, the Court may disallow fee applications. Gay Officers Action League, 247 F.3d at 297; Lipset v. Blanco, 975 F2d 934, 938 (1st Cir. 1992). In Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984), the Court warned that "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for substantial reduction in any award, or in egregious cases, disallowance." Counsel's failure to provide any supporting information, except to assert the existence of a contingent fee agreement, calls for disallowance of fee application. The

Plaintiff seeks attorney fees without any requisite documentation to support this request.  In

short, this Court is left to complete speculation and conjecture as to the grounds for any fee

award.  See e.g., Martino v. Mass. Bay Tranp. Auth., 230 F.Supp.2d 195, 203 (D. Mass. 2002)

(Court denied portion of fee request where attorney failed to keep detailed contemporaneous

records, offered no information as to when work was completed, nor offered explanation of

nature of work.)  The absence of any information provided by Counsel to support a fee

application should be cause for denial of Counsel's motion.

## IV.    CONCLUSION

WHEREFORE, Defendant William Torres requests that this Honorable Court deny

Plaintiff's Motion For Attorneys' Fees.

<div style="margin-left:40%">

Respectfully submitted,
For Defendant William Torres,


__/s/ Maria Romero-Carbone_____
Maria Romero-Carbone, Assistant General Counsel
BBO No. 561976
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 961-6684
Dated: September 14, 2009

</div>