UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-10981-RWZ

MICHAEL BRAXTON

v.

CORRECTIONAL OFFICERS ROSS, ROBERTS
AND SERGEANT POWERS

ORDER

April 27, 2010

ZOBEL, D.J.

Plaintiff, an inmate of the Suffolk County House of Correction (SCHC), brings suit under 42 U.S.C. § 1983 for violation of his constitutional rights as a result of an alleged stripping and beating during a cell search. Defendants have moved for summary judgment (Docket # 507) on the ground that plaintiff failed to exhaust his administrative remedies.

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §§ 1997e et seq., a prisoner may not file suit in federal court relating to conditions of his confinement until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff alleges that he was beaten by defendants on April 11, 1998. The parties agree that he filed a grievance on April 29, 1998, which was denied on July 3, 1998, with a terse one-sentence explanation. Plaintiff contends he never received notification of the denial and did not therefore file an appeal.

Defendants argue that plaintiff failed to exhaust available administrative

remedies because he failed to file an appeal within 10 days of the July 3, 1998 denial, as required by regulation.  See Docket # 509-2, Defendants' Statement of Material Facts Under Local Rule 56.1 in Support of Defendants' Mot. for Summ. Judgment, Ex. 2,  Policy S491H, ¶ 5B(1).

At the outset, I note that an independent special commission found several severe, systemic, and profoundly troubling infirmities in the SCHC's grievance procedure and record keeping at the time of the events in issue.  See Report of the Special Commission on the Suffolk County Sheriff's Department, October 15, 2002 at 54-55.  Noting this, plaintiff urges this court to hold that the administrative remedy offered by the SCHC was grossly insufficient, indeed, so lacking that it was not an "available" remedy.  See, e.g., Cruz v. Jordan, 80 F. Supp. 2d 109, 127-129 (S.D.N.Y. 1999) (state prison inmate brought § 1983 action seeking monetary damages for alleged deliberate indifference to medical needs; prison moved for summary judgment on the ground that plaintiff had failed to exhaust administrative remedies; court held that given that monetary damages were not available in the grievance process, and given the nature of the "completed and irreducible medical injuries," New York State's grievance procedures were insufficient; motion to dismiss was denied and the action stayed pending exhaustion).

I need not cut so broad a swath.  Rather, here, the prison simply failed to follow its own procedure.  The Inmate Grievance Coordinator noted receiving plaintiff's grievance on May 8, some three weeks after plaintiff submitted it, and failed to respond in writing until nearly two months later.  Under the institution's own regulations, it had

10 days from the date of receipt in which to respond.  See Docket # 509-2, Defendants' Statement of Material Facts Under Local Rule 56.1 in Support of Defendants' Mot. for Summ. Judgment, Ex. 2,  Policy S491H, ¶ 5A(5).  Courts have held that a prison's failure to comply with its own procedures (such as failing to timely respond to a grievance) may excuse a failure to exhaust.  See, e.g., Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired"); see also Boyd v. Corrections Corp., 380 F.3d 989 (6th Cir. 2004) (same).  It is no response to argue that under the regulations, hearing no response after 10 days, plaintiff should have considered his grievance denied and filed an appeal.  There was, quite simply, nothing from which to appeal.  Accordingly, with respect to Officers Roberts and Ross, the grievance filed by plaintiff is deemed to have exhausted administrative remedies.

Finally, this court rejects defendant's contention that plaintiff's grievance only referenced Sergeant Powers in a limited manner and did not state that Powers himself beat plaintiff, and thus was insufficient to exhaust administrative remedies as to Powers.  The inclusion of Sergeant Powers in the April 29 grievance is sufficient to satisfy the exhaustion requirement as to him.  The extent of Powers' participation in, and culpability for, the beating is a jury question.  See Docket # 509-4 ("During the shakedown Sgt. Michael Powers accused me of disobeying an order and he had me removed and escorted by SERT 2- deputy's [sic] Shawn Ross & S. Roberts from [the unit] down to booking.").

Defendants' motion for summary judgment (Docket # 507) is DENIED.

|  |  |
|---|---|
| April 27, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |