UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-10981-RWZ

DARREL ALLEN, *et al.*

v.

RICHARD J. ROUSE, *et al.*

Order on Defendants' Motions for Summary Judgment
Concerning Claims of Plaintiffs Howard, St. James, Holloway, Jefferson and Gray

May 12, 2010

ZOBEL, District Judge.

Plaintiffs, former inmates of the Suffolk County House of Correction, claim that each has been abused by one or more correction officers and thereby deprived of his constitutional rights. Defendants have moved for summary judgment as to all plaintiffs on the ground that none have exhausted then available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997(e).

**Arley Howard, Count 22**

Arley Howard complains against eleven members of the correction staff for abusive conduct on four separate dates as follows:

September 18, 1999 - threats of physical violence by Correction Officer Smith,

October (apparently 23) 1999 - attack and beating by Correction Officers Oponaset, Clayton, Carasquillo and others,

November (apparently 1) 1999, attack and beating by Correction Officers Chin, Vecchiarp (apparently Vecchione) and Sgt. Murphy,

Continuously over the following days, threats of violence by Correction Officers Smith, Matter, Kelly, Burns and Sinclair.

Defendants move for summary judgment (# 529) on the ground, among others, that plaintiff has failed to exhaust available administrative remedies and that mere threats are not actionable.

The parties agree that plaintiff did file numerous grievances and that he was the subject of numerous disciplinary reports which then gave rise to additional grievances. However, the record of grievances filed by plaintiff and upon which he relies yields only one that is both timely and focused on physical harm by one of the defendants on a date specified in the complaint.  Grievance #990577, dated November 8, pertains to the incident on November 1 and accuses Sgt. Murphy as well as an unnamed officer of slamming plaintiff to the floor.  This grievance is timely and specific and it properly serves to advance the claim against Sgt. Murphy to trial.  Since the record is devoid of any evidence of a denial of the grievance, plaintiff cannot be held accountable for the lack of evidence of an appeal.

There are no grievances in the record with respect to the October 23 incident. Plaintiff's letter to the Deputy Superintendent on November 10, 1999, which implicates Opanasets, Carasquillo and Clayton in the assault on October 23 is too late.

Some of the remaining grievances recited in the record assert threats or abusive language by several officers named, but no physical acts; others refer to conduct more than ten days before the filing of the grievance.

The motion (# 529) is allowed as to the incidents in September and on the days

following November 1 because mere threats and nasty statements do not amount to constitutional wrongs.  It is allowed as to all defendants accused in the October 23 incident and allowed with respect to the November 1 fray as to Chin and Vecchiarp (Vecchione) accused in the November 1 incident, for failure to file a timely grievance.  For the reasons stated above, the motion for summary judgment is denied as to Sgt. Murphy and the incident on November 1,1999.

Plaintiff's motion to strike defendants' motion for summary judgment (# 538) is denied.

**Stephen St. James, Count 48**

Plaintiff Stephen St. James alleges that at some time in March 1999 defendant Fiorentino, a Correction Officer, beat and kicked him while he was handcuffed behind his back.  Defendant has moved for summary judgment for failure to exhaust administrative remedies (Docket # 500).  Plaintiff "recall[s] filing a written grievance about this incident a few days after [his] assault but [he] received absolutely no response." See Docket # 524-2.   He does not have a copy of his grievance and the Suffolk County House of Correction ("SCHC") states that it has no record of his filing such and asserts therefore that none was filed.  Since he did not receive a response he does not seriously deny that no appeal was filed.  While the lack of any paperwork is clearly an issue, it is not dispositive.  Plaintiff points to the Report of the Special Commission on the Suffolk County Sheriff's Department issued on October 15, 2002, which documents a pervasive failure to keep proper records at the time in question.  Under these circumstances, the lack of a written grievance in the records of the SCHC

cannot be dispositive for summary judgment purposes, and plaintiff's compliance with the statute is a question to be decided at the trial.

The motion for summary judgment (# 500) is denied.

**Curtis Holloway, Count 21**

In his complaint plaintiff alleges that on November 11, 1999, defendants, Correction Officers Johnson, Debole, Ross and Hubert, together with Sgt. Julius, beat him about his face and head and stepped on his leg which was previously disabled and caused him great pain. He wrote a grievance dated November 15, 1999,[1] but admittedly did not submit it until December 30. Defendants move for summary judgment on the ground that plaintiff failed timely to exhaust the remedies provided by the institution, contained in its grievance policy. That policy requires an inmate to submit a grievance on a proper form within ten days after the incident.

Because plaintiff did not submit his grievance until some five weeks after the due date, he did not satisfy the exhaustion requirement and the motion for summary judgment (Docket # 513) is therefore allowed.

**Darryl Jefferson, Count 26**

Darryl Jefferson complains that defendant Correction Officer Torres beat and choked him on or about May 10, 1999, when plaintiff was an inmate at the SCHC. Defendant moves for summary judgment on the grounds that plaintiff was not incarcerated at SCHC on May 10, 1999, and that he, in any event, failed to file a

---

[1] The grievance dates the incident on November 10, 1999, but the facts set out are the same facts set forth in the complaint.

grievance concerning the incident (Docket # 503).  While plaintiff responds that to the best of his knowledge he was resident at SCHC on the day in question, Amanda Neff, the Supervisor of Inmate Records at the institution, states, under oath, that plaintiff was incarcerated there during four separate periods, January 14, 1998, through September 18, 1998; June 7, 1999, through March 30, 2000; October 17, 2002, through January 28, 2004; and June 7, 2004, through November 27, 2004.  Plaintiff argues that he should be given some leeway as to the date which he alleged to have been "on or about" May 10.  That locution, while somewhat elastic, is not sufficiently so to encompass an unspecified date some four weeks later.  Because defendant would be prejudiced by amendment at this late date, some ten years after the complaint was first filed, the motion for summary judgment (# 503) is allowed.

**Damian Gray, Count 19**

Plaintiff Damian Gray alleges abusive, brutal treatment by different sets of correction officers on five separate occasions, defendants Gero and Schleyhuber "on or around December 1997"; defendants White and McNeely "on or about September 7, 1999"; defendants McNeely and Carter "on or about September 20, 1999"; defendants Mahoney and Gero "in 1998"; and defendants McNamara, Dowd, McNeely and Corey "in or around September of 1999".  All defendants move for summary judgment for failure to exhaust administrative remedies (Docket # 510).  The record includes a letter by Mr. Gray to a Mr. Feeney complaining of harassment by a number of correction officers on specific dates from September 30, 1998 through October 9, 1999.  However, even if some of the assertions in the letter were deemed grievances and filed timely,

they do not match the lineup of defendants in the complaint.  Indeed, none of the named defendants is mentioned in the letter.

Because plaintiff failed to exhaust his institutional remedies, the motion for summary judgment (# 510) is ALLOWED.

|   |   |
|---|---|
|    May 12, 2010    <br> DATE |    /s/Rya W. Zobel    <br> RYA W. ZOBEL <br> UNITED STATES DISTRICT JUDGE |