UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-10981-RWZ

DONNELL THOMPSON

v.

CORRECTION OFFICER WILLIAM TORRES

ORDER
November 29, 2010

ZOBEL, D.J.

Plaintiff moves for an award of attorney's fees under 42 U.S.C. § 1988, as the prevailing party in a 42 U.S.C. § 1983 lawsuit in which he recovered a total of $175,001 in actual and punitive damages. (Docket # 397.) An award of attorney's fees is calculated using the lodestar analysis which requires the court to multiply the number of hours productively spent by a reasonable hourly rate. DeJesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009).

I.  **Compensable Hours**

Plaintiff submitted billing records for 143.55 hours of work. Defendants raise numerous objections to the billing records and certain specific claims.

First, defendant argues that plaintiff should not be reimbursed for time spent appealing the judgment. The court agrees. Plaintiff failed to file an opening brief with the court of appeals and his appeal was dismissed for lack of prosecution. (Docket # 564.) Accordingly, he is not entitled to an award of fees for the billing entries of

8/18/2009, 8/20/2009, 8/25/2009, 9/3/2009, 9/29/2009, 1/11/2010, 1/24/2010, 1/26/2010, 1/27/2010, 6/2/2010, and 6/4/2010, nor the $425 appellate court filing fee.

Second, defendant argues that plaintiff should not be reimbursed for time spent on an earlier motion for fees which the court dismissed because it was based on a contingent fee agreement. (Docket Entry 9/17/09.) Because that motion used an improper measure, plaintiff is not entitled to an award of fees for time spent to produce it, namely the 8/27/2009, 9/14/2009, and 9/17/2009 entries in plaintiff's billing records.

Finally, the 7.25 hours of time spent drafting a reply to defendant's opposition to this motion for fees is excessive. The reply contains four pages of generously spaced text with minimal citations of law or relevant fact. Plaintiff may recover fees for four hours of work by counsel, which is a reasonable amount of time in which to have completed the reply brief.

## II.   Hourly Rate

As plaintiff was a prisoner at the time he filed this lawsuit, his recovery of attorney's fees is limited by the Prison Litigation Reform Act ("PLRA"). "No award of attorney's fees in an action [brought by a prisoner] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Therefore, the PLRA maximum rates applicable to plaintiff's fee request vary from $75 for the work performed in 2000 to $187.50 for the work performed in 2010. The court finds that these maximum rates are reasonable.

2

Plaintiff argues that the limitation in 42 U.S.C. § 1997e applies only to court appointed counsel, and he is entitled to attorney's fees at higher rates varying from $200 to $350. He cites no authority in support of this proposition. To the contrary, the statute expressly states that "[n]o award of attorney's fees" shall exceed the specified rates. The "court-appointed counsel" language merely identifies the relevant rate referenced in 18 U.S.C. § 3000A.

### III. The Lodestar Calculation

| Time Period | Hours | Rate | Total |
| --- | --- | --- | --- |
| 4/20/2000 | 1.75 | $75 (out of court services) | $131.25 |
| 7/17/2008-3/10/2009 | 83.6 | $150 | $12,540 |
| 3/13/2009-12/11/2009 | 25.7 | $165 | $4,240.50 |
| 8/9/2010-8/19/2010 | 4 (Reply to Def.'s Opp.) | $187.50 | $750 |
| | | Total Fees: | $17,661.75 |

### IV. Judgment Off-Set

The PLRA requires the court to apply a portion of the judgment, not to exceed 25%, to satisfy the award of attorney's fees. 42 U.S.C. § 1997e(d)(2). This is not a mandate that the entire fee award, subject to the 25% limitation, be paid out of the judgment. Parker v. Conway, 581 F.3d 198, 204-05 (3d Cir. 2009). Rather, the determination as to how much of the award is paid out of the judgment is a matter of discretion. Id. Defendants did not ask for any such offset in their briefing, so the court applies the minimum $1 of the judgment toward the award of attorney's fees.

**V. Conclusion**

Plaintiff's motion for attorney's fees (Docket # 568) is ALLOWED, to the sum of $17,661.75 with $1 of the award to be satisfied from his judgment.


    November 29, 2010                                        /s/Rya W. Zobel
          DATE                                                  RYA W. ZOBEL
                                                                   UNITED STATES DISTRICT JUDGE