**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
DARREL ALLEN, et al.              )
      *Plaintiffs*                     )
                                             )
v.                                        )    **DOCKET NO.**
                                             )    **00-10981-RWZ**
                                             )
RICHARD J. ROUSE, et al.       )
      *Defendants*                    )
_____)


_____
DONNELL THOMPSON,            )
      *Plaintiff*                       )
                                             )
v.                                        )    **COUNT 49**
                                             )
CORRECTIONAL OFFICER WILLIAM )
TORRES,                                )
      *Non-supervisory Defendant*  )
_____)

**Motion to Receive Interest on Judgment**

Now comes the Plaintiff, Donnell Thompson, and moves to receive interest on awarded damages in the amount of Twelve (12%) per cent from the date of commencement of the action, as provided for under M.G.L. 231 §6B. As grounds, therefore:

1. The Plaintiff originally brought his claims before Suffolk Superior Court. The Defendant thereafter removed the case to this Court.

2. The Plaintiff was successful in all of his claims to the extent that a jury of his peers awarded compensatory damages of Eight Hundred Twenty-Five

Thousand ($825,000.00) Dollars and punitive damages of Fifty Thousand ($50,000.00) Dollars. This award was for a single plaintiff who had been the victim of undue force, extreme humiliation, and who suffered severe unrelenting and continuing emotional and physical harm.

3. Under M.G.L. 231 §6B, in an action in which a judgment is made for personal injuries to the Plaintiff, "….there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum **from the date of commencement of the action** even though such interest brings the amount of the verdict of finding beyond maximum liability imposed by law". Moreover, under General Laws c. 235, §8, "every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest…." At the date of commencement of this action, this action was brought before a Massachusetts Court, and as such the Massachusetts interest rate should apply.

4. The requirement for interest on awarded damages is further codified under Title 28 U.S.C. §1961, wherein it is provided that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court…."

5.  **The purpose of an award of prejudgment interest is to compensate for the delay in the plaintiff's obtaining his money**. Lou v. Otis Elevator Co., 933 N.E.2d 140, 141 (2010).  Plaintiff's case is now approximately ten years old; moreover, Defendant has filed numerous post trial motions and oppositions which have the effect of further delaying Plaintiff's receipt of the judgment.  The lengthy amount of time in which Plaintiff has had to wait to receive payment certainly constitutes a delay for which Plaintiff deserves adequate compensation in the form of 12% interest.

6.  Where parallel claims are brought under both federal civil rights statute and state law and the damages which are recovered are duplicative, prevailing plaintiff is entitled to select the body of law under which the damages will be paid.  Foley v. City of Lowell, 948 F.2d 10, 17 (1991).  Because Plaintiff here has won on all counts under both federal and state law, he is entitled to select the body of law under which the damages will be paid.

7.  In Budish v. Daniel, 417 Mass. 574 (1994), where an action was brought in State Court to enforce a federal court judgment, the Court determined that, under Massachusetts law, the rule is that the "law of the forum governs the determination of the rate of postjudgment interest", determining that "the rate of interest is not part of the judgment, and not effect need constitutionally be given to it."  *Id.* at 578, 579.  It further held

       that the Massachusetts statutory interest rate of 12% would apply. *Id* at 579.

8. Defendant has removed the case from State Court, where Plaintiff had commenced the case, to Federal Court. In <u>Freeman v. Package Machinery Co.</u>, 1987 WL 16456 (D.Mass.) (1987), the Plaintiff requested an award of interest at the state rate of twelve per cent where his state case was removed to Federal Court, and in which judgment was entered in the Federal Court. The Court noted that, "[i]f the plaintiff had been permitted to prosecute his case in superior court, there can be little doubt that he would have been awarded interest at the rate of twelve per cent pursuant to chapter 231 §6B." *Id.* at 2. The Court went on to note that "….to award plaintiff less than twelve per cent on his successful state claim would **'create a tremendous incentive….to remove cases to Federal Court since standard State Court practice and state agency practice is to award interest at the rate of 12%**." *Id.* To allow Defendants to remove cases to Federal Court, therefore, with the intent of acquiring a lower interest rate, would equate to forum shopping as well as a practice that is detrimental to the interests of deserving Plaintiffs.

9. The "ultimate question for a district court is whether interest is required to make a plaintiff whole." *Id.* Plaintiff has suffered extreme pain, humiliation, undue force, and mental suffering as a result of the

Defendant's actions, as evidence by the jury's validating his testimony by awarding damages of Eight Hundred Seventy-Five Thousand ($875,000.00) Dollars.  This award was drastically reduced to One Hundred Seventy-Five Thousand ($175,000.00) Dollars, plus approximately Seventeen Thousand ($17,000.00) Dollars for attorney's fees, far below the amount of time Plaintiff's Counsel expensed in preparing and handling Plaintiff's trial alone.  Moreover, Plaintiff has waited more than ten years for a resulting judgment and payment.  In order to make the plaintiff "whole", Plaintiff requires the 12% interest rate

WHEREFORE the Plaintiff prays that the Court award interest at the rate of twelve (12%) percent from the date of the commencement of this action for the reasons set forth herein.

DATE: December 30, 2010

                                                               Respectfully Submitted:
                                                               __/s/ Theodore H. Goguen_____
                                                               Theodore H. Goguen, Esq.
                                                               BBO No. 196740
                                                               46 Waltham Street, Ste 306
                                                               Boston, MA 02118
                                                               (617) 338-4903

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                   __/s/ Theodore H. Goguen_____
                                   Theodore H. Goguen. Jr., Esq.